IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMES CLEMENTS,

    Petitioner,

v.                                                                                    No. 24-cv-0486-MV-JMR

HECTOR RIOS, *et al*,

    Respondents.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioner James Clements' 28 U.S.C. § 2254 Habeas Petition (Doc. 1) (Petition). Clements challenges his 2007 state convictions based on, inter alia, ineffective assistance by counsel. Having reviewed the matter *sua sponte* under Habeas Corpus Rule 4, the Court will require Clements to show cause why his Petition should not be dismissed for failure to file within the one-year statute of limitations.

## BACKGROUND

In 2006, a jury convicted Clements of three counts of criminal sexual penetration of a child; three counts of criminal sexual contact of a child; and three counts of contributing to the delinquency of a child. *See* Doc. 1 at 1; Memorandum Opinion filed December 10, 2007 in Case No. D-504-CR-2005-088.[1] The state trial court sentenced Clements to 67.5 years imprisonment. *See* Doc. 1 at 1. Judgment was entered on or about January 12, 2007. *Id.* Clements filed a direct appeal, and the New Mexico Court of Appeals (NMCA) affirmed. *See* Memorandum Opinion

---

[1] The Court takes judicial notice of Clements' state court criminal dockets, Case Nos. D-504-CR-2005-088; S-1-SC-30635; and S-1-SC-40168. *See United States v. Smalls*, 605 F.3d 765, 768 n. 2 (10th Cir. 2010) (recognizing a court may take judicial notice of docket information from another court).

filed December 10, 2007, in Case No. D-504-CR-2005-088. The New Mexico Supreme Court (NMSC) denied certiorari relief by an Order entered October 4, 2007. *See* Order Denying Cert. Pet. in Case No. S-1-SC-30635. Clements did not seek certiorari review with the United States Supreme Court. *See* Doc. 1 at 3. The Judgment therefore became final no later than January 3, 2008, *i.e.,* the first day after expiration of the 90-day federal certiorari period. *See Locke v. Saffle,* 237 F.3d 1269, 1273 (10th Cir. 2001) (for purposes of § 2254, the state conviction becomes final "following a decision by the state court of last resort" and "after the United States Supreme Court has denied review, or, if no petition for certiorari is filed, after the [90-day] time for filing a petition for certiorari with the Supreme Court has passed").

Over four years passed before the next submission was filed in state court. *See* Docket Sheet in Case No. D-504-CR-2005-088. On February 23, 2012, Clements filed a request for state tapes and pleadings. *See* Request for Copy of Tapes/CD in Case No. D-504-CR-2005-088. The state trial court entered an Order on February 23, 2016, directing the Clerk to mail Clements a copy of the Judgment and all audio tapes from the state case. *See* Order entered February 23, 2016, in Case No. D-504-CR-2005-088. Clements continued to file motions regarding discovery throughout the first half of 2016, and the state trial court entered the last discovery order on June 1, 2016. *See* Order entered June 1, 2016, in Case No. D-504-CR-2005-088.

There was no additional activity in the state case until January 14, 2022, when Clements filed a state habeas petition. *See* Habeas Corpus Petition in Case No. D-504-CR-2005-088. The state trial court denied the petition, and the NMSC denied certiorari relief on March 7, 2024. *See* Order Denying Petition in Case No. S-1-SC-40168.

Clements filed the instant 28 U.S.C. § 2254 Petition on May 17, 2024. He raises claims

for ineffective assistance of counsel, double jeopardy violations, and other due process violations. *See* Doc. 1. Clements paid the $5 filing fee, and the matter is ready for review under Habeas Corpus Rule 4.

## DISCUSSION

Habeas Corpus Rule 4 requires a *sua sponte* review of § 2254 petitions. "If it plainly appears from the petition and any attached exhibits that the moving party is not entitled to relief in the district court, the judge must dismiss the petition." Habeas Corpus Rule 4(b). "If the petition is not dismissed, the judge must order the [Attorney General] to file an answer." *Id.* As part of the initial review process, district courts "consider, *sua sponte*, the timeliness of a ... habeas petition." *Day v. McDonough*, 547 U.S. 198, 209 (2006).

Section 2254 petitions must generally be filed within one year after the criminal judgment becomes final. *See* 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final "by the conclusion of direct review [*i.e.,* direct appeal] or the expiration of the time for seeking such review." *Locke*, 237 F.3d at 1272. The one-year limitation period can be extended:

(1) While a state habeas petition is pending, § 2244(d)(2);

(2) Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

(3) Where a new constitutional right has been recognized by the United States Supreme Court, § 2244(d)(1)(C); or

(4) Where the factual basis for the claim could not have been discovered until later, § 2244(d)(1)(D).

Because the one-year limitation period is not jurisdictional, it may also be extended through

equitable tolling.  *See Miller v. Marr,* 141 F.3d 976, 978 (10th Cir. 1998).  Equitable tolling is available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control."  *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000).  "[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances."  *Yang v. Archuleta,* 525 F.3d 925, 928 (10th Cir. 2008).  He must also separately describe "the steps he took to diligently pursue his federal claims while those circumstances existed."  *Pena-Gonzales v. State*, 2022 WL 214747, at *1 (10th Cir. Jan. 25, 2022) (noting that *Yang* requires both "extraordinary circumstances *and* due diligence") (emphasis in original).  Said differently, the inmate must provide "specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal" petition.  *Miller v. Marr,* 141 F.3d 976, 978 (10th Cir. 1998).  In rare circumstances, a petitioner may also overcome the limitation period by providing reliable evidence that he is factually innocent of the underlying crimes.  *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) ("[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass" if his § 2254 petition would otherwise be barred by the "expiration of the statute of limitations.").

      The Judgment here became final - and the limitation period began to run - no later than January 3, 2008, after the conclusion of the direct appeal process.  *See Locke*, 237 F.3d at 1271-1273.  The state docket reflects that there was no activity during the next year.  *See* Docket Sheet in D-504-CR-2005-088.  Absent additional tolling, the one-year limitation period expired no later than January 3, 2009, and the instant Petition is time-barred by more than fifteen years.

      In his Petition, Clements argues that the filing is timely because he filed within one year after the NMSC denied relief in his most recent state habeas proceeding.  Unfortunately, state

4

habeas petitions only toll the limitation period if they are filed within one year after the Judgment becomes final. *See* 28 U.S.C. § 2244(d)(2). Any state habeas petitions filed after January 3, 2009 cannot restart the clock or otherwise impact the expired limitations period. *See Gunderson v. Abbott*, 172 F. App'x 806, 809 (10th Cir. 2006) ("A state court [habeas] filing submitted after the ... [one-year] deadline does not toll the limitations period."); *Fisher v. Gibson*, 262 F.3d 1135, 1142–43 (10th Cir. 2001) (Section 2254 "petitions cannot be tolled for time spent in state post-conviction proceedings" where petitioner's state "applications for post-conviction relief were not filed until after ... the end of the [federal] limitations period.").[2]

For these reasons, Clements must file a response within seventy-five (75) days showing cause, if any, why the Petition should not be dismissed as time-barred. The response should include any grounds for tolling or the actual-innocence gateway exception. As noted above, this includes specific facts about why the Petition was late and what efforts Clements made to file the Petition. The failure to timely respond and overcome the time bar may result in dismissal.

**IT IS ORDERED** that within seventy-five (75) days of entry of this Order, Clements must file a response showing cause why his § 2254 Petition should not be dismissed as time-barred.

_____
HONORABLE MARTHA VÁZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] The Supreme Court has created one exception to this general rule. *Jimenez v. Quarterman* holds that a state habeas order granting an out-of-time appeal can "reset AEDPA's 1-year limitations period" since it effectively "restore[s] the pendency of the direct appeal." 555 U.S. 113, 120–21 (2009). The *Jimenez* exception is inapplicable here because Clements never obtained state habeas relief, and his direct appeal period was never reopened.